The Case upon the Verdict is Morris Fitzgerald seised in Fee of 100 Acres of Land died so seised intestate & without Issue *B189 After his Death Henry Fitzgerald his Brother of the half Blood entered & died seised & the Premises decended to his Daughter the Deft. The Lessor of the Pit. is Son & Heir of Tho’s Ivey who was Uncle a parte materna to Morris Fitzgerald But is not found that either the Lessor of the Pit. is or his Father was Heir at Law of Morris Fitzgerald
Upon this Verdict I conceive the Pit. cannot have a Judgment no Title appearing in his Lessor It is only found he is Son of the Uncle a parte materna but not that he is Heir at Law & unless he is so he has no Title If it should be argued that it ought to be presumed he is Heir T conceive the Court are to judge upon the Verdict as it is found & cannot add to or diminish from it Especially here in the Case of an Appeal the Court are to judge upon the Record Besides there is no great Reason to presume the Lessor is Heir from any Nearness of Relation it being very remote with Respect to the Succession in this Case for not only Brothers & Sisters of the whole Blood but the most distant Relation on the Fathers Side'have a Right to succeed before him And perhaps there may be many such & then he is not Heir in Verity But admitting he should be so in Fact as it is not found the Court cannot intend it If it be considered how absurd it must appear to Posterity that a Man should have Judgment to recover Land without having any Title I hope no more need be sayed Only this that the Consequence will be only paying the Costs of this Suit the Pit. may bring another Action.
Admitting the Lessor is Heir his Entry is taken away and [177] so he cannot bring Ejectment but must resort to another Action to recover if he has any Title. The Case as to this Point is thus
Morris Fitzgerald dies seised the Defts. father (a Stranger) enters & dies seised the Premisses descend to the Deft, his Daughter & Heir The Defts. Father in this Case was an Abator The Difference betw. an Abator & Disseisor is this An Abator is one who between the Death of the Ancestor & Entry of the Heir interposes & enters Such an Entry is called an Entry by Abatement a Disseisor is one who wronfully puts out another that is actually seised The Defts. Father in this Case after the Death of M. Fitzgerald entring before the Entry of his Heir was as I sayed an Abator This Entry of the Defts. fath’r was undoubtedly a tortious Act & the Heir of M. Fitzgerald might *B190 at any Time have enter’d upon him during his Life but neglecting to do that and the Defts. Father dying, seised whereby the Freehold & Inheritance was cast upon the Deft, by Act in Law i.e. by Descent this Descent takes away the Entry of the Heir And he is put to his Action which in this Case if the Lessor is Heir must be a Writ of Cosinage. This is the express Doctrine of Littleton s. 385. in the Case of a Disseisin And Coke in his Comment 237. b. says there is the like Law of an Abatem’t or Intrusion This was a Law introduced in Favour of Descents which are of high Estimation in Law & looked upon as the worthiest Means of coming to Lands In Respect whereof the Heir has divers Privileges and particularly this that he shall not be subject to be ousted by the Entry of anyone claiming Title but the Person so claiming is put to his Action The Reason given is because the Heir cannot by Intendment of Law suddenly know the true State of his Title It is an Institution of great Antiquity & so known & settled a Point I presume it will not bear any Sort of Contest
There is a Statute that perhaps may be objected 32. H. 8. 33. which enacts that in Case ,of Disseisin the Entry shall not be taken away by a Descent to the Heir of the Disseisor unless such Disseisor had five Years quiet Possession before his Death And in this Case it does not appear the Defts. Father was so long in quiet Possession And it is true it does not appear so upon the Verdict tho’ the Fact I am told is so Now I might with as much Reason argue that this Fact ought to be presumed as the Pit. does that it ought to be presumed he is Heir but I shall make Use of no such Argument My Answer to the Objection is that the Statute does not extend to an Abatement as I have shewn our Case to be It speaks only of Disseisins And because it is in some Sort penal as it takes away a Privilege the Heir had at the Common Law the Statute is restrained to the express Words and is not taken by Equity or extended to any Case not within the Words Cokes Authority is [178] express 1. Inst. 238. a. that the Statute does not extend to an Abator or Intruder. So it is sayed in PI. 47. a. Winbish ag’t Talbois Neither does it extend to the Feoffee or Donee of a Disseisor 1. Inst. 401. a. Note 65. but is restrained to the single Case mentioned in the Statute of a Disseisor dying seised This Statute then cannot affect this Case the Defts. Father being an Abator as I have shewed At the Common Law such a descent as in this Case *B191 takes away Entry And consequently the Pits. Lessor could not bring an Ejectment but must resort to his real Action if he has any Title I pray the Judgment may be affirmed
Randolph for the Appellant (Pit.) sayed it must be intended the Pit. is Heir tho’ not expressly found it appearing he is Cousin & the Deft, not setting up any Title as Heir nor shewing any other Person to be so which Point he sayed was adjudged in Cro. [sic.]

(Qucere)

As to the Descent taking away the Entry of the Pit. he sayed no Advantage could be taken of that Matter upon this Verdict because all the Matter relating to it was not found That the Pit. might be under Age or other Disability & then the Descent would not take away his Entry He compared it to the Act of Limitation Of which he sayed no Man could take Advantage upon a Special Verdict unless the Verdict found that the Person to be bar’d was under no disability and that it was incumbent upon those who would take Advantage of the Act to shew that Matter for which he cited 1. Lutw. 804. Whally ag’t Read & Hall
To which last Matter it was answered that it was true the Descent would not take away the Pits. Entry if he was under Disability but that not appearing ought not to be intended That it was a Rule a Disability should never be presumed See Plo. 176 The Parallel between a Descent that tolls Entry & the Act of Limitation was very just but the Law was quite otherwise than had been stated The Words of the Act of Limitation are “ No Entry shall be made within 20 Years &c.” Therefore a Possession of 20 Years prima facie must be a Bar in Ejectment If the Pit. will avoid the Bar he must shew he is within the Saving of the Act If the Act be pleaded to a Formedon the Ten’t only says the Pit. did not prosecute his Writ within 20 Years after the Cause of Action accrued And this is certainly a good Bar unless the Pit. by Way of Replication shew something to avoid it The Pleading is the same in personal Actions By Parity of Reason the Law must be the same upon a Special Verdict [179] The Deft, is only to shew his Possession to the Jury And it is sufficient for him if they find that Certainly it is the Pits. Business to shew his Disability if there is any in the Case & not the Deft, to shew he was under no Disability which being a Negative might be difficult perhaps impossible for him to prove to the Satisfaction of a Jury The Law is the same in *B192 Case of a Fine with Proclamations which is certainly a good Bar unless something is shewn on the other Side to prevent it Plow 176. Whally & Reed if rightly understood makes nothing ag’t this Argument The Court sayed no Advantage was to be taken of the Act of Limitation in Regard all the Matter touching it was not found From whence I collect that the Point of Limitation (which it appears was not the principal Point in Question) was not intended to be insisted on at the finding of the Verdict and so the Facts concerning it were not offered to the Jury The Judges knowing this declared no Advantage should be taken of it Because indeed it was a Sort of Trick
Judgment for the Appellant (Pit.) April 1736.
Note my Argument about the Descent seemed to be little understood
It was new to the Court as it seemeth